HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTIN ANDRADE, as Trustee for The Paul H. Stavig Family Revocable 1976 Trust, f/k/a The Paul and Lorraine Stavig Revocable Living Trust, dated February 11, 1976; and KRISTIN ANDRADE, as Trustee of The California Special Fund Oral Trust, dated June 27, 2012,<br><br>        Plaintiffs,<br>v.<br><br>BARRY ANTON, an individual; BARRY ANTON, as Personal Representative for the Estate of Maren Stavig; BARRY ANTON, as Trustee of the Anton and Stavig Living Trust; The Estate of Maren Stavig; The Anton and Stavig Living Trust,<br><br>        Defendants. | CASE NO. 3:18-cv-05997-RBL<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

THIS MATTER is before the Court on Defendant Barry Anton's Motion to Dismiss Plaintiff Kristin Andrade's First Amended Complaint (FAC) under Rules 12(b)(1) and 12(b)(6).

Dkt # 30. This is a factually complicated family (and family trust) dispute over the ownership of $250,000.

Paul and Lorraine Stavig established the Stavig Family Trust in 1976. They were co-trustees and their children were the beneficiaries. Paul and Lorraine had three daughters: Rondi, Kristin, and Maren.[1] Rondi Stavig was disabled and suffered from mental health issues. Rondi also has a daughter named Rosheen Ward-Nulph. Plaintiff Kristin's last name is now Andrade. Maren was married to Defendant Barry Anton. Maren and Anton established the Anton and Stavig Living Trust ("Anton Living Trust") as co-trustees in 2008.

Anton claims that Lorraine and Paul established a separate trust to provide for Rondi and her disabilities (the Rondi Lynn Stavig Special Needs Trust, or "Rondi's Trust") in 2008. The Stavig Family Trust was then amended to make Rondi's Trust a beneficiary, rather than Rondi herself. Rondi's Trust provided that "upon the death of Rondi, all undistributed principal of Rondi's Trust was to be given to Rondi's daughter, Rosheen Ward-Nulp, in a separate discretionary trust." Dkt # 31 ¶ 38.

In 2012, Lorraine (as trustee of the Stavig Family Trust) gave Maren a $250,000 check drawn on the Stavig Family Trust's checking account. The purpose of that transaction is the central dispute in the case. Andrade claims that the $250,000 was given to Maren in trust (the California Special Fund Oral Trust, or "Special Fund") for the benefit of Rondi and her daughter. Anton claims the money was given to Maren as a gift.

Lorraine became the sole trustee of the Stavig Family Trust when Paul died, and in 2014 Lorraine appointed Maren and Andrade as her co-trustees. FAC Dkt # 22 ¶ 18. In 2016, the Stavig Family Trust was amended to reduce Rondi's share (actually, Rondi's Trust's share) by

---
[1] They had five children, but the other two are not involved.

$415,000. Andrade claims that Lorraine reduced Rondi's share because she had already given Maren $250,000 to hold in trust "for the benefit of Rondi and her daughter Rosheen Ward-Nulph," and because Lorraine had previously given Rondi an additional $165,000 in gifts. Dkt # 22 ¶ 22. Thus, Andrade claims, the Stavig Family Trust amendment reflected these other assets. Andrade claims that if the $250,000 was not given and held in trust for Rondi (or Rondi's trust), the Family Trust will have to be revised again to "give her back" that amount.

Lorraine, Maren, and Rondi died in the fall of 2017, and Andrade became the sole trustee of the Stavig Family Trust in November 2017. After her mother died, Rosheen became the sole surviving beneficiary of Rondi's Trust (and of the Special Fund, to the extent it exists).

Anton claims that the same event—Maren's death— made him the proper recipient of the $250,000.[2] Anton now claims he is entitled to the money as her surviving husband, because the money was given to Maren as a gift.

Andrade claims Anton is not entitled to the money because Maren held the money in trust for the benefit of Rondi (and, after Rondi passed, for the benefit of her daughter, Rosheen). Andrade claims that she repeatedly discussed the Special Fund with Maren, and that, before she died, Maren made Andrade the Special Fund's successor trustee. In 2018, Andrade demanded that Anton return the $250,000 to the Special Fund. Anton refused, claiming the money was a gift, and that there was no evidence supporting the existence of any "Special Fund." Andrade sued Anton in California in her capacity as the trustee of the Stavig Family Trust (but *not* as the trustee of the Special Fund), claiming that the $250,000 belonged to the Special Fund, and that Anton's retention of it was wrongful. Anton moved to dismiss for lack of personal jurisdiction

---

[2] Andrade claims Maren's "pour-over will" directed her Estate's assets to be added to the Anton Living Trust. Dkt # 22 ¶ 36.

and improper venue and asked the Court to at least transfer the case to Washington. He did not argue that Andrade did not have standing.

The California Court denied those motions, and instead *sua sponte* dismissed the case without prejudice. It ruled that, as the trustee for the Stavig Family Trust (the only capacity in which she sued), Andrade did not have standing to sue to recover the $250,000 on behalf of the Special Fund (which was not a party, but which had suffered an injury):

> Taking the facts alleged in the FAC as true, Kristin Andrade, in her role as trustee of the Stavig Trust, lacks standing to bring this suit . . . . There has been no injury to the Stavig Trust vis-à-vis Defendant's alleged actions; **the injury in fact is to the Special Fund, and its beneficiaries** . . . . Assuming the Special Fund is a valid Special Fund, Plaintiff Kristin Andrade is neither the trustee of the Special Fund (the injured trust) nor a beneficiary of the Special Fund. Moreover, a trustee of a first trust does not somehow acquire standing to pursue, for its benefit, claims of harm to a second trust simply because that first trust was the source of the res for the second trust . . . . For the reasons set forth above, this suit is DISMISSED **WITHOUT PREJUDICE**.

Dkt # 31, ex. 7, p. 5–6 (emphasis added).

Andrade sued here, as the trustee of the Special Fund *and* of the Stavig Family Trust, again seeking to recover the $250,000 from Anton for the Special fund. Anton again seeks dismissal, now arguing that the California Court made "factual findings" and conclusively determined that Andrade has no standing to pursue these claims. He claims she is collaterally estopped from claiming that she has standing.

Anton also argues that even absent the California decision, Andrade does not have standing because Andrade cannot establish the Special Fund's existence, that she was appointed as trustee of the Special Fund, or that the Stavig Family Trust has suffered any injury. And, he claims, even if she has standing, Andrade's claims are not plausible because the Special Fund never filed a creditor's claim against Maren's Estate, and it is now too late to do so.

1   Andrade argues that the prior Court's dismissal is not entitled to collateral estoppel effect
2   because the California Court *sua sponte* dismissed Andrade's claims without prejudice, the
3   parties did not fully and fairly litigate the standing issue, and the Special Fund was not even a
4   party. Andrade contends she remedied the standing problem raised in California, because the
5   injured party—the Special Fund—is now a party. Andrade also argues that her claim is plausible
6   because the Special Fund is not a creditor and her claims are not subject to Washington's
7   nonclaim statute.

## II. DISCUSSION

### A. Collateral Estoppel

Anton argues that Andrade is collaterally estopped[3] from claiming she has standing to sue. He seeks dismissal for lack of subject matter jurisdiction on this basis under Fed. R. Civ. P. 12(b)(1). Collateral estoppel prevents re-litigation of an issue "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Amadeo v. Principal Mutual Life Insurance Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002). Collateral estoppel applies when the following factors are satisfied: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (quoting

---

[3] Anton conflates the doctrines of collateral estoppel (issue preclusion) and res judicata (claim preclusion). Andrade's standing is an issue, not a claim. *See Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003). The question then is whether the California court's *sua sponte* dismissal without prejudice is entitled to collateral estoppel effect.

Furthermore, res judicata would not bar Andrade's claims because it too requires a final judgment on the merits of the claim. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (A "'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"). Res judicata could not apply to any claim in this case because the California lawsuit was dismissed *without prejudice*—there was no "final judgment on the merits."

*Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), as amended (May 3, 2012)) (looking to the record to determine if an issue had been raised, contested and submitted for determination).

The California court raised the standing issue *sua sponte*. The dismissal without prejudice of Andrade's claims does not collaterally estop her claims as the trustee of the Stavig Family Trust. Anton did not raise standing as an issue; he moved only to dismiss (without prejudice) for lack of personal jurisdiction and improper venue. He asked the court to transfer the case to this Court. No party briefed or argued the standing issue, at all, much less "actually litigated" the issue. The court's *sua sponte* dismissal left the parties with no "full and fair" opportunity to argue Andrade's standing. And no issue was decided that was "necessary for a decision on the merits"—the merits were not decided. The California Court did not enter a final judgment and the case was dismissed without prejudice. Anton has failed to establish the elements of collateral estoppel and his claim that the issue was already conclusively decided is wrong as a matter of law.

Andrade's claims as the trustee of the Special Fund are certainly not collaterally estopped for all the same reasons, plus the fact that she did not sue in that capacity in California. Collateral estoppel does not bar this case. Anton's Motion to Dismiss on that basis is DENIED.

**B. Standing**

Anton argues that even if the issue has not been conclusively decided, Andrade does not have standing because she has not established that the Special Fund exists, or that she is its trustee. He claims that the Court therefore does not have subject matter jurisdiction and that the case should be dismissed under Rule 12(b)(1). In the face of a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving that the court has subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Article III of the U.S. Constitution limits the judicial power of the United States to actual cases or controversies. *Lujan*

*v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). Standing is properly raised in a 12(b)(1) motion to dismiss because it pertains to federal courts' subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010).

A plaintiff has standing to sue only if they present a legitimate "case or controversy," meaning the issues are "definite and concrete, not hypothetical or abstract." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000). To establish Article III standing, he must show that he (1) suffered an injury in fact that is (2) fairly traceable to the alleged conduct of the defendants, and that is (3) likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. at 560–61. A plaintiff who faces a threat of future injury "has standing to sue if the threatened injury is certainly impending, or there is a substantial risk" that the injury will occur. *In re Zappos.com, Inc.*, 888 F.3d 1020, 1024 (9th Cir. 2018) (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

As the trustee for the Special Fund, Andrade identifies and alleges a sufficiently definite injury. Even the California court acknowledged that the Special Fund (not then a party) had suffered an actual injury. The Special Fund was not a party to that litigation but is a party now. The Special Fund's standing turns on the existence of the Special Fund and Andrade's appointment as its trustee. Anton's claim is essentially that that complaint's allegations are not true. But that is the core of the case, and the purpose of a trial.

For now, Andrade has plausibly pled the Special Fund's existence. She explains the amendments to the Stavig Family Trust, and details conversations she had with Maren about the Special Fund. Anton concedes that Lorraine amended the Stavig Family Trust to reduce Rondi's Trust's share in 2016, and that Andrade (and Maren) was present when it occurred.

1       Andrade plausibly establishes her standing as trustee of the Special Fund through her

2  allegation that Maren appointed her as the successor trustee for the Special Fund during a phone

3  conversation before she died. Maren, as the trustee of the Special Fund, would reasonably have

4  wanted to appoint a successor trustee in light of her cancer diagnosis. Although Andrade's

5  allegations regarding the Special Fund's existence and her appointment as trustee are somewhat

6  self-serving, they plausibly establish the Special Fund's standing.

7       Anton also argues that Andrade does not have standing as the trustee of the Stavig Family

8  Trust because it has not been injured and any threat of injury is hypothetical. Andrade contends

9  that the Stavig Family Trust has not yet suffered an injury, but it faces a substantial risk of a

10 future economic injury. Andrade's claim that she will have to restructure the Stavig Family Trust

11 if the Special Fund does not recover the $250,000 plausibly alleges a sufficient future injury to

12 the Stavig Family Trust. Andrade claims that, as trustee of the Stavig Family Trust, she will have

13 to increase Rondi's Trust's (now Rosheen's) share if the $250,000 is not recovered because

14 Lorraine reduced Rondi's Trust's share in 2016. Indeed, Andrade will have to reduce the other

15 four beneficiaries' shares to increase Rosheen's share. Andrade's allegations establish the Stavig

16 Family Trust's standing because of the substantial risk of a future economic injury to the Stavig

17 Family Trust's beneficiaries.

18      Anton's motion to dismiss for lack of standing is DENIED.

### C. Plausibility

20      Anton argues that even if Andrade has standing, her claims as the trustee of the Special

21 Fund are not plausible. He argues they are time-barred because they are creditor's claims that are

22 untimely under Washington's nonclaim statute. Andrade argues that she is not a creditor and that

23 the nonclaim statute's time bar does not apply to her claims.

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*). At the motion to dismiss stage, pursuant to Fed. R. Evid. 201, a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *Mack v. South Bay Beer Distrib. Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule.

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047 (9th Cir. 2011) (citing *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989)).[4]

Anton's argument that Andrade's claims are time-barred "creditor's claims" hinges on Washington's probate nonclaim statute, which applies to all creditor claims made against a decedent's estate. RCW 11.40.010. The statute contains a four-month statute of limitations for all creditor's claims. RCW 11.40.051(1)(b); *see Cloud v. Summers*, 98 Wash. App. 724, 736, 991 P.2d 1169 (1999). But a trust's claim to recover its own specific property is not considered a creditor's claim and is not subject to the nonclaim statute's limitation. The Washington Courts hold that the nonclaim statute does not apply when a trust seeks to recover its own property (as opposed to a debt):

> RCW 11.40.010 **applies only** where the claim is **a general charge** against the assets of the estate. It **does not apply** where the claim is **for specific property** in the estate.

*See O'Steen v. Wineberg's Estate*, 30 Wash. App. 923, 934, 640 P.2d 28, 35 (1982) (citing *Compton v. Westerman*, 150 Wash. 391, 273 P. 524 (1928)) (emphasis added). "[T]rust funds in the possession of a trustee do not change their character but remain in the ownership of the trust; that [] owner has the right to the property, regardless of administration." *Tucker v. Brown*, 20 Wash. 2d 740, 809, 150 P.2d 604, 640 (1944).

Andrade seeks to recover specific funds belonging to the Special Fund. Andrade plausibly establishes that her claims against Maren's Estate are not creditor's claims. The $250,000 plausibly belongs to the Special Fund. Andrade claims that Maren was merely

---

[4] Andrade first argues that Anton's Rule 12(b)(6) motion to dismiss is improper because Anton already answered Andrade's FAC before filing his motion to dismiss. A motion asserting any of the defenses listed in Rule 12(b) "must be made before pleading if a responsive pleading is allowed[.]" Fed. R. Civ. P. 12(b). However, to avoid duplicative efforts the Court will review Anton's Rule 12(b)(6) motion to dismiss as one for a judgment on the pleadings under Rule 12(c).

managing the $250,000 in trust (the Special Fund) for Rondi and Rosheen; the money did not belong to her. Andrade's claims are not subject to the nonclaim statute's limitation period. Motion to dismiss for failure to state a claim is DENIED on that basis.

### III. CONCLUSION

Defendants' Motion to Dismiss [Dkt. # 30] is DENIED.

IT IS SO ORDERED.

Dated this 1st day of November, 2019.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge