UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTIN ANDRADE,

           Plaintiff,

   v.

BARRY ANTON, et al.,

           Defendants.

C18-5997 TSZ

MINUTE ORDER

     The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

     (1)    The Court will conduct the bench trial, scheduled to commence Monday, November 30, 2020, remotely via the ZoomGov.com platform.  For more information about virtual proceedings, please see the Order dated September 16, 2020, in *Dallo v. Holland America Line N.V., LLC*, W.D. Wash. Case No. C19-865 TSZ (docket no. 53), and visit https://www.wawd.uscourts.gov/attorneys/remotehearings.

     (2)    The Court has reviewed the parties' trial briefs, docket nos. 62 and 71, and requests additional briefing, not to exceed 10 pages, on the question of (i) whether California or Washington law applies to Plaintiff's first claim for a constructive trust and the related claims and (ii) whether the party that prevails on the constructive trust and related claims would be entitled to attorneys' fees under either states' laws, *see* RCW 11.96A.150(1); *Sloans v. Berry*, 189 Wn. App. 368, 431, 358 P.3d 426 (2015); *Sheen v. Sheen*, No. B268762, 2017 WL 944197, at *12 (Cal. Ct. App. Mar. 10, 2017).  The parties should address whether there is an actual conflict between the states' laws.  To prevail on a constructive trust claim under Washington law, a plaintiff must show that there was some inequitable conduct.  *See In re Marriage of Pennington*, 142 Wn.2d 592, 605 & 607 n.8, 14 P.3d 764 (2000).  While there is no such requirement to establish an oral trust under California Probate Code § 15207, California also recognizes a common law claim for a "constructive trust, which is typically imposed to rectify fraudulent behavior." *Johnson v. Johnson*, 192 Cal. App. 3d 551, 556 (1987) (citing 7 Witken, *Summary of Cal. Law* § 123 (8th ed. 1974)); *see* Cal. Prob. Code § 15003 ("[N]othing in [the Code] affects the substantive law relating to constructive . . . trusts.").  The parties' supplemental briefs shall be FILED by Wednesday, November 11, 2020.

MINUTE ORDER - 1

(3) Having reviewed the parties' trial briefs, docket nos. 62 and 71, the Court has resolved certain legal issues, which now constitute the law of the case as follows:

    (A) Plaintiff's claims are not barred by the Washington non-claim statute of limitations period set forth in RCW 11.40.010. *See* Order (docket no. 41 at 10–11).

    (B) The statute of frauds does not bar the action under either Washington or California law because the alleged contract was for an indefinite period and was therefore capable of being performed within one year; in addition, the part performance of a contract exempts the contract from the statute of frauds so long as the evidence is "clear and unequivocal." *See Duckworth v. Langland*, 95 Wn. App. 1, 10–11, 988 P.2d 967 (1998); *Ormiston v. Boast*, 68 Wn.2d 548, 550, 413 P.2d 969 (1966); Cal. Prob. Code § 15207.

    (C) Plaintiff has standing to bring this action. *See* Order (docket no. 41 at 6–7). Nor is Plaintiff collaterally estopped from bringing this action. *Id.* at 6.

(4) The Court has reviewed Defendant's Objections to Plaintiff's Pretrial Disclosures, docket no. 73, and the Plaintiff's Response, docket no. 75. The Court will allow Mr. Graziano to testify as a lay witness. The Court DEFERS to the pre-trial conference objections to Plaintiff's proposed exhibits.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

    Dated this 27th day of October, 2020.

William M. McCool  
Clerk

s/Gail Glass  
Deputy Clerk

MINUTE ORDER - 2