# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| KRISTIN ANDRADE,<br><br>Plaintiff,<br><br>v.<br><br>BARRY ANTON, et al.,<br><br>Defendants. | CASE NO. C18-5997 TSZ<br><br>ORDER FOR REMOTE CIVIL BENCH TRIAL |

The court orders the following procedures and protocols for a remote trial starting on Monday, November 30, 2020, at 9:00 a.m.

**A.   Remote or Virtual Trial Format**

   **1.**   The entire trial will take place using the ZoomGov.com platform. The parties, counsel, and witnesses will not be physically present in the courtroom.

   **2.**   The public will have access via a link published on the court's trial calendar. Access to the public requires that they not record, via

audio, video or screenshot, or permit any other person to record, via audio, video or screenshot, the hearing or any part of it.

    **3.**    The Court will allow the public to participate solely via audio broadcast. No video broadcast will be permitted.

**B.**    <u>**Preparation**</u>

    **1.**    Counsel shall review the tutorials located at https://www.youtube.com/playlist?list=PLQQODreSvdKHWF4JsOIQp8zMJMt9ulM-2 and familiarize themselves with:

        a.    ZoomGov.com

        b.    Box.com

    **2.**    Parties and counsel are to participate on **Tuesday**, **November 24**, **2020**, at 10:30 a.m., with the court and its IT representative for a technology check. The clerk will provide counsel with the Zoom invitation link.

    **3.**    Counsel shall ensure that they and each witness have the hardware, software, data bandwidth, and internet access required to testify remotely based on the minimum system requirements posted at https://www.wawd.uscourts.gov/attorneys/remotehearings. Counsel shall also ensure that parties and witnesses have an alternative means of communicating with each other outside the ZoomGov.com platform (e.g., a cellphone).

    **4.**    Consider steps to establish high-speed internet connection (e.g., if possible a hard-wired connection is generally preferable to a wireless internet connection).  Limit internet usage by others during the hearing as this may impact connection speed for the hearing.

**C.**    <u>**Record**</u>

    **1.**    The court will provide a court reporter for the trial.  No portion of the hearing shall be recorded or broadcast, in whole or in part, in any fashion by any participant, witness or public observer.

    **2.**    The parties and counsel shall not record, via audio, video or screenshot, or permit any other person to record, via audio, video or screenshot, the hearing or any part of it. The parties and counsel will ensure that each additional attendee at the hearing for which that party is responsible also acknowledges and agrees to this prohibition on recording.

**D.**    <u>**Witnesses and Participants**</u>

    **1.**    Before noon on **Wednesday**, **November 25**, **2020**, counsel shall email the courtroom deputy, Gail Glass, at Gail_Glass@wawd.uscourts.gov, and provide the following for each party, attorney, or witness who will appear remotely:

    a.    Name

    b.    Email address

    c.    Phone number

        d.    Participant status (party, attorney, or witness)

**2.** The courtroom deputy will then supply the invitation link for those participating. When a participant remotely accesses the trial, the participant will first enter a virtual waiting room. The courtroom deputy will admit participants to the virtual court proceeding from the virtual waiting room.

**3.** Counsel will be responsible for notifying witnesses when they are expected to report to the virtual waiting room.

**E.** **Exhibits**

**1.** Exhibits shall be numbered in advance of trial in accordance with the protocol set forth in the Minute Order setting the trial and related dates, docket no. 70.

**2.** All exhibits will be uploaded by counsel to the "Box.com" website via a link that the courtroom deputy will email to counsel prior to the trial start date.

**3.** One hard copy will be delivered to the Judge at the U.S. Courthouse at **700 Stewart Street**, **Seattle**, **WA  98101** on or before November 20, 2020.

**4.** Each witness testifying shall have a hard copy of any exhibit they will be expected to use or examine during the trial.

**5.** The witness will not access the exhibits until instructed by examining counsel.

    **6.**    Counsel shall certify that exhibits uploaded and the exhibits produced in hard copy are identical.

    **7.**    The courtroom deputy will download each exhibit as it is admitted to create the court's record.

    **8.**    Depositions expected to be used for impeachment or trial testimony shall be delivered to the court under seal.

    **9.**    The parties must comply with LCR 32 for the use of depositions at the trial, including video depositions.

    **10.**    The court shall be notified if a video deposition is to be used as substantive evidence and whether it will be played during the course of the trial or simply provided to the court in advance of the trial date for review. If it will be used during trial, counsel shall be prepared to broadcast the video deposition via ZoomGov.com using the screen sharing function.

**F.**     <u>**Professionalism During the Trial**</u>

    **1.**     <u>**Ambient Noise Protocols**</u>

        a.    When the court, counsel, or a witness is speaking, please avoid interrupting the speaker.

        b.    Upon admission to the ZoomGov.com platform, participants shall mute their microphones and activate microphones when directed by the court (e.g. a witness shall activate the microphone when testifying as shall the

examining and defending attorneys during witness testimony).

    c.    All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall maintain their audio on mute to limit potential interruptions. The video hearing host also will have the ability to mute and unmute any participant if needed.

    d.    Any participants using multiple devices in a single workspace to access the trial should avoid audio feedback issues by, e.g., only using the microphone and speakers on one device at a time, or utilizing headphones.

    e.    To the extent possible, remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom.   Remote participants should silence electronic devices other than devices necessary to remote participation, and generally take steps to minimize anything in their remote workspace that would distract from the integrity of the proceedings.  The Court understands that conducting trial from one's home, for example, presents many challenges.  The court

asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

2. **Objections**:  When an objection is made, the witness shall stop talking and let the court rule on the objection.

3. **Disconnection**

   a. In the event that the court, a party, counsel, a witness, or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop while the connection is reestablished.

   b. Counsel must ensure that a witness has an alternative means of communicating with counsel (e.g., a cellphone) in the event of disconnection.

4. **Appropriate Dress**:  Parties, witnesses, and counsel are to dress in the same manner as they would in a courtroom.

5. **Screen Names**:  When remotely accessing the trial, remote participants should ensure that their screen name indicates their actual name.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 30, 2020.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge